1

HONORABLE RICHARD A. JONES

2

3

4

5

6

7               UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
8                       AT SEATTLE

9   JEFFREY D. WEIDENHAMER,

10              Plaintiff,

11        v.                                CASE NO. C14-1239RAJ

                                            ORDER
12   EXPEDIA, INC.,

13              Defendant.

14                          **I.  INTRODUCTION**

15          This matter comes before the court on a motion to dismiss (Dkt. # 11) from

16   Defendant Expedia, Inc., along with Plaintiff's motion to extend the class certification

17   deadline (Dkt. # 19) and Plaintiff's motion to compel discovery (Dkt. # 23).  For the

18   reasons stated herein, the court DENIES the motion to dismiss and the motion to extend

19   the class certification deadline.  The court GRANTS in part and DENIES in part

20   Plaintiff's motion to compel.  Part III.B of this order includes specific orders as to the

21   parties' discovery disputes, including an order with which Expedia must comply to avoid

22   sanctions.

23

24

25

26

27

28   ORDER – 1

## II.  BACKGROUND

The court describes the facts as Plaintiff Jeffrey Weidenhamer alleges them in his complaint.  In April 2014, he visited the Expedia website to purchase airfares for his family of four.  He could not complete the purchases on the website.  A pop-up window appeared with this message:

> It looks like we have an issue with the site.  We're working to fix this as soon as possible.  Here are some ways to find your perfect trip in the meantime:  Download the Award-Winning Expedia App: Our app may be available even if the site is not.  With it, you can book flights and hotels or check all your Expedia itineraries from anywhere.  The app won the People's Voice Webby Award and we think you'll like it too.  To say thank you for your patience, we'll also give you 5% OFF YOUR APP PURCHASE with the code MOBILEGO.

Mr. Weidenhamer did as the pop-up window suggested.  He downloaded the app to his tablet computer and purchased four tickets.  He did not receive a 5% discount.

Mr. Weidenhamer paid $398.30 for each of his tickets, for a total of $1593.20.  When the app displayed his fares for purchase, it advised him that the airline "may" charge a fee for checked baggage.  When he clicked on a hyperlink for "additional fees," Expedia informed him that for the airline he chose, there would be no charge for each passenger's first checked bag.  When Mr. Weidenhamer arrived at the airport to take his flights, the airline informed him that fees applied to his family's first checked bags.  Mr. Weidenhamer and his family paid about $650 for their first checked bags.

In May 2014, Mr. Weidenhamer complained to Expedia.  He demanded redress including a credit equivalent to 5% of his family's total airfare to account for the discount he did not receive, changes to the Expedia website to correctly disclose when fares do not include baggage fees along with documentation of those changes, and a credit for $650 to account for the baggage fees that Expedia did not disclose.

Expedia refused all of Mr. Weidenhamer's requests.  It informed Mr. Weidenhamer that the 5% discount it had promoted did not apply to multiple-ticket purchases like the one he made.  It said nothing about his requests for changes to the website, documentation of those changes, or a credit to account for the baggage charges.

ORDER – 2

Mr. Weidenhamer, who lives in Ohio, contacted that state's Attorney General to relay his complaints about Expedia.  When the Attorney General contacted Expedia to inquire about the dispute, Expedia chose to refund $79.66 (5% of the total that Mr. Weidenhamer paid to Expedia) to Mr. Weidenhamer's credit card.  Expedia did nothing to respond to Mr. Weidenhamer's request for changes to the website, documentation of the changes, or his request for a refund of the baggage fees he paid.

Mr. Weidenhamer sued Expedia, seeking not only damages on his own behalf, but damages and injunctive relief on behalf of a nationwide class of Expedia customers.  He invoked Washington's Consumer Protection Act (RCW Ch. 19.86, "CPA"), the Washington Sellers of Travel Act (RCW Ch. 19.138, "WSTA"), and also claimed unjust enrichment.  He has not yet moved to certify a class.  The court's scheduling order required him to do so by March 26, but the court extended that deadline until April 16 to give it additional time to rule on the pending motions.

Expedia has asked to dismiss Mr. Weidenhamer's claims to the extent they focus on the 5% discount.  According to Expedia, its refund of 5% of Mr. Weidenhamer's airfare means that there is no "Case" or "Controversy" within the meaning of Article III, Section 2 of the United States Constitution, and that the court therefore lacks subject matter jurisdiction.  Expedia contends that even if the court has subject matter jurisdiction, Mr. Weidenhamer has not stated any claim based on the denial of the 5% discount because he has suffered no injury.  It also asserts that the complaint establishes that its 5% refund was an accord and satisfaction.  Expedia refers to the aspects of Mr. Weidenhamer's suit concerning the 5% discount as the "app claim," and the court will follow its lead.  The motion to dismiss does not target any other aspect of this lawsuit.

While the motion to dismiss was pending, Mr. Weidenhamer filed a motion requesting that the court continue by 90 days the deadline for filing a motion to certify a class.  A few days later, he filed a motion to compel discovery responses, using the joint motion procedure described at Local Rules W.D. Wash. LCR 37(a)(2).

ORDER – 3

The court now considers all three motions.

### III.   ANALYSIS

**A.   Expedia's Motion to Dismiss**

Expedia invokes Fed. R. Civ. P. 12(b)(1), which permits a court to dismiss a claim for lack of subject matter jurisdiction, and Fed. R. Civ. P. 12(b)(6), which permits a court to dismiss a complaint for failure to state a claim.  Rule 12(b)(6) requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must marshal factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").  The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Unlike a Rule 12(b)(6) motion, a party invoking Rule 12(b)(1) to challenge subject matter jurisdiction may bring a "factual" attack, one that relies on evidence outside the pleadings and requires the court to resolve factual disputes. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a "facial" jurisdictional attack, by contrast, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.*  Expedia contends that its attack is both facial and factual, Def.'s Mot. (Dkt. # 11) at 5 n.4, but it does not explain

ORDER – 4

1   that contention.  Expedia has introduced no evidence to support its Rule 12(b)(1) motion

2   and it points to no facts other than those Mr. Weidenhamer alleged in his complaint.  The

3   court construes Expedia's motion as a facial attack.  The court accordingly analyzes

4   subject matter jurisdiction by accepting as true the well-pleaded allegations of the

5   complaint.  *Mendia v. Garcia*, 768 F.3d 1009, 1012 (9th Cir. 2014).

6           **1.       Article III Standing**

7           Article III requires a plaintiff suing in federal court to have suffered (or to

8   imminently face suffering) an injury that is "concrete, particularized, and actual or

9   imminent; fairly traceable to the challenged action; and redressable by a favorable

10  ruling."  *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010).

11          Mr. Weidenhamer alleges more than one concrete injury.  Confronted with a

12  website that would not allow him to make airfare purchases, he accepted Expedia's

13  representations (via the pop-up window) that if he downloaded the Expedia app, he could

14  not only complete his purchases, he would receive a 5% discount.  He did not receive the

15  discount.  Because of that, he expended time attempting to wheedle a credit out of

16  Expedia.  When he met with no success, he expended more time complaining to the

17  Attorney General of Ohio.  Washington courts recognize that an "injury" for purposes of

18  the CPA is distinct from "damages."  *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885,

19  899 (Wash. 2009).  One such injury is a "pecuniary loss occasioned by inconvenience,"

20  which is a CPA violation even if the damages associated with that injury are

21  "unquantifiable."  *Id.* at 899-900.  Although there is almost no precedent addressing the

22  WSTA, the court has no reason to expect Washington courts would reach a different

23  result in interpreting that statute.  *Compare* RCW 19.86.090 (establishing private right of

24  action for CPA violations) *with* RCW 19.138.280 (establishing private right of action for

25  WSTA claim).  Expedia focuses solely on the pecuniary loss associated with Mr.

26  Weidenhamer's loss of the 5% discount, contending that its refund (which came weeks or

27

28  ORDER – 5

months later) undoes that loss. Expedia does not mention Mr. Weidenhamer's loss of time, and it is plausible to infer that that loss is associated with a pecuniary loss.

Expedia also does not acknowledge that an injury arises where a plaintiff is temporarily deprived of money owing to him. That suffices as a CPA injury. *Sorrel v. Eagle Healthcare*, 38 P.3d 1024, 1029 (Wash. Ct. App. 2002) (finding a CPA injury where "plaintiff is deprived of the use of his property as a result of an unfair or deceptive act or practice"). Expedia has given the court no reason to doubt that it is an injury for purposes of the WSTA and for purposes of an unjust enrichment claim.

Although the court has described Mr. Weidenhamer's injuries through the lens of the CPA, they are Article III injuries as well. As Expedia observes, an injury that state law recognizes is not necessarily an Article III injury. *Lee v. Amer. Nat'l Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001) ("[A] plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury."). Mr. Weidenhamer's injuries qualify. The time a plaintiff loses in responding to a defendant's wrongdoing is an Article III injury. *Walker v. City of Lakewood*, 272 F.3d 1114, 1124-25 (9th Cir. 2001).

The court concludes that Article III also recognizes temporary deprivations of money as injuries. A "full" refund is not "full" compensation unless it comes with compensation for the lost time value of the money. In this case, the lost time value of Mr. Weidenhamer's $80 overcharge is very little, to be sure. Assuming that Expedia deprived him of $80 for two months and the applicable interest rate is 10%, he lost $1.33. At 1% interest, he lost just 13 cents. That is very little, to be sure, but the court is aware of no appellate authority excluding tiny monetary injuries from the scope of Article III. Perhaps Article III places a minimum on a purely monetary injury, but the court does not believe Mr. Weidenhamer's complaint asserts an injury below that minimum. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977) (noting, in case involving non-financial

ORDER – 6

injury, that "[t]here is, of course, a de minimis level of imposition with which the Constitution is not concerned").

Expedia is not alone in its view that some monetary injuries are too small to be remedied in federal court. Representative of courts who have adopted that viewpoint is the decision in *Becker v. Skype Inc.*, No. 5:12-CV-06477-EJD, 2014 U.S. Dist. LEXIS 17583, at *8-9 (N.D. Cal. Feb. 10, 2014) where the court considered a consumer who was deprived of a refund of $18 for six days, a harm "in the range of 1.5-3.55 cents." The court found the "de minimus amount alleged lost . . . inadequate to establish Article III standing . . . ." *Id.* at *9. This court is no more eager than any other district court to resolve claims over pennies.[1] But absent direction from the Supreme Court or the Ninth Circuit, the court declines to read a dollar limit into Article III. *See Sprint Communications Co. v. APCC Servs., Inc.*, 544 U.S. 269, 289 (2008) (suggesting, in dicta, that injury of "only a dollar or two" would satisfy Article III).

Expedia's focus on its refund also gives short shrift to the third injury apparent on the face of Mr. Weidenhamer's complaint. When confronted with a website that was not serving its intended purpose (facilitating the purchase of airfare), he relied on a pop-up window offering a 5% discount as an inducement to download an app that permitted him to complete the transaction. As he points out, he might have decided, when confronted with the malfunctioning website, to use one of Expedia's competitors to purchase airfare. But he did not, at least in part because of the discount offer. Thus, Mr. Weidenhamer paid Expedia nearly $1600 for airfare he might have purchased from another site. That injury is no different than the injury inherent in virtually every consumer false advertising claim, whether brought via the CPA, WSTA, or another statute. *See, e.g.*, *Reid v. Johnson & Johnson*, No. 12-56726, 2015 U.S. App. LEXIS 4025, at *10 (9th Cir. Mar. 13, 2015) (noting that a false advertising plaintiff satisfies Article III by showing that, by

---

[1] Of course, an injury of "only" pennies to a single plaintiff is potentially a significant boon for a defendant who can repeat the practices that inflicted that injury on hundreds of thousands of people nationwide.

ORDER – 7

1    relying on a misrepresentation, she "paid more for a product than [she] otherwise would

2    have paid, or bought it when [she] otherwise would not have done so.") (citation

3    omitted); *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 595 (9th Cir. 2012) (same).

4        The same reasoning demonstrates Mr. Weidenhamer's standing to seek injunctive

5    relief as to the app claim.  Expedia contends that Mr. Weidenhamer now knows about the

6    deceptive pop-up window, so there is no plausible allegation that he will be fooled if he

7    encounters it in the future.  The court rejects Expedia's Catch-22 defense, which would

8    make federal courts powerless to enjoin false advertising, at least when a duped consumer

9    points it out.  In Expedia's view, it can falsely advertise a discount, induce a plaintiff like

10   Mr. Weidenhamer to make purchases, and continue to ensnare future customers without

11   fear of an injunction because that plaintiff has learned his lesson.  The court agrees with

12   the court in *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012),

13   which confronted a similar argument from a beverage manufacturer whose bottle labels

14   contained false statements about the bottles' content.  As the *Ries* court explained, "the

15   fact that [plaintiffs] discovered the supposed deception some years ago does not render

16   the advertising any more truthful." *Id.*  Imagine that Mr. Weidenhamer purchases air

17   travel from Expedia in the future, and confronts the same deceptive pop-up ad.  He is

18   entitled to rely on the statements made in that ad, even if he previously learned that some

19   of those statements were false or deceptive. *See id.* ("Should plaintiffs encounter the

20   [false statement on defendant's bottles] at the grocery store today, they could not rely on

21   that representation with any confidence.").  The notion that only a clueless consumer can

22   establish Article III standing to redress false advertising is unsupportable. *See id.*

23   ("[W]ere the Court to accept the suggestion that plaintiffs' mere recognition of the

24   alleged deception operates to defeat standing for an injunction, then injunctive relief

25   would never be available in false advertising cases, a wholly unrealistic result.").

26       The foregoing discussion presupposes that Mr. Weidenhamer will continue to be

27   an Expedia customer.  A false advertising plaintiff who does not intend to purchase from

28   ORDER – 8

the defendant in the future cannot seek injunctive relief.  *Ries*, 287 F.R.D. at 533. Expedia mistakenly contends that there are no allegations about Mr. Weidenhamer's intent to book travel with Expedia in the future.  The complaint includes allegations that Mr. Weidenhamer hoped to remain an Expedia customer, and his request for a 5% "credit" rather than a refund also indicates an intent to purchase from Expedia in the future.  Compl. ¶ 32.

The court rules that Mr. Weidenhamer's "app claim" plausibly alleges at least three injuries for purposes of Article III.[2]  The court has subject matter jurisdiction.

## 2.     Rule 12(b)(6)

The court now moves from Expedia's challenge to subject matter jurisdiction to its Rule 12(b)(6) motion.  Its contention that Mr. Weidenhamer has failed to state a claim merely recycles its jurisdictional arguments.  It contends that Mr. Weidenhamer has not pleaded an injury (within the meaning of the CPA, the WSTA, and unjust enrichment law) for the same reasons that he failed to satisfy Article III.  As to the CPA and WSTA, those arguments are no more successful than they were as challenges to the existence of an Article III injury.  As to unjust enrichment, the situation is slightly different.  As to Mr. Weidenhamer's lost time, Expedia has not been enriched.  As to the money Expedia refunded, Mr. Weidenhamer cannot claim it was unjustly enriched when it has already refunded the only "enrichment" it seized from him.  Nonetheless, Mr. Weidenhamer has adequately pleaded unjust enrichment in two ways.  First, for the same reasons that Mr. Weidenhamer was injured by the temporary deprivation of $80, Expedia was enriched by temporarily holding that money.  Second, to the extent that Mr. Weidenhamer would

---

[2] Expedia argued for the first time in its reply brief that Mr. Weidenhamer cannot establish causation for purposes of Article III because he was aware as he purchased the airfares that the app was not reducing his purchase price by 5%, but he purchased the fares anyway.  The court disagrees.  The complaint plausibly alleges that Mr. Weidenhamer believed he would ultimately receive the 5% discount.  Compl. ¶ 29 ("[Expedia] did not provide the expected 5% airfare discount during or immediately following Plaintiff's airfare purchase.")

have made his purchase from a competitor but for Expedia's deception, Expedia has been unjustly enriched by the full amount of his purchase.

Expedia's sole remaining Rule 12(b)(6) challenge is not an attack on the sufficiency of his complaint, but rather an assertion that the allegations of his complaint establish the affirmative defense of accord and satisfaction. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint, . . . a defendant can raise that defense in a motion to dismiss."). Mr. Weidenhamer's complaint, however, does not establish an accord and satisfaction. Among the elements of accord and satisfaction is an "intention on the part of both parties to create an accord and satisfaction . . . ." *U.S. Bank Nat'l Ass'n v. Whitney*, 81 P.3d 135, 142 (Wash. Ct. App. 2003). That occurs only when "the creditor cannot fail to understand that the money is tendered on the condition that its acceptance constitutes satisfaction." *Id.* The court could grant Expedia's motion only if the sole plausible inference to draw from the complaint was that both Mr. Weidenhamer and Expedia understood that a refund would constitute full satisfaction of his claim. That is not the case here, where it is plausible to conclude that Mr. Weidenhamer did not understand a refund to constitute satisfaction of his claim.

**B.      Mr. Weidenhamer's Motion to Compel.**

The motion to compel concerns Expedia's responses to 4 interrogatories and 17 requests for production of documents ("RFPs"). Expedia responded to Mr. Weidenhamer's discovery requests with boilerplate objections. The record before the court contains only a truncated version of those objections, but the following is a representative example:

Interrogatory No. 2:

Identify each person who answered, participated in answering, or provided information for these Interrogatories.

ORDER – 10

Response to Interrogatory No. 2:

Expedia objects to this Interrogatory under General Objections 1 [prematurity], 2 [limitations on discovery], 3 [relevance and scope], 4 [proportionality], 5 [undue complexity], 6 [privilege], 7 [third party privacy rights], 8 [proprietary information and trade secrets], 9 [business activities outside the U.S.], 10 [possession, custody, and control], and 11 [information in Plaintiff's possession or otherwise available].

Bugaighis Decl. (Dkt. # 24), Ex. B.  The bracketed language is Expedia's, not the court's. The court can only guess at the content of the actual "General Objections."  They are apparently contained in *nine pages* of prefatory material included in Expedia's initial interrogatory responses, which are not in the record.  *Id.* ("Expedia incorporates by reference its General Objections to Plaintiff's Interrogatories, as well as its Objections to Specific Definitions, Objections to Specific Instructions, and Objections to Relevant Time Period, set forth at pages 1 through 9 of Expedia, Inc.'s Objections and Answers to Plaintiff's First Set of Interrogatories . . . .").  No complete version of Expedia's responses to Mr. Weidenhamer's RFPs is in the record, but the excerpts in his motion show that Expedia took the same approach in responding to them.  For example, an RFP for "All Documents Concerning the steps You took to determine plaintiff's airfare was available for purchase" resulted in a response that began as follows:

Expedia objects to this Request under General Objections 1 [prematurity], 2 [limitations on discovery], 3 [relevance and scope], 4 [proportionality], 5 [undue complexity], 6 [privilege], and 8 [proprietary information and trade secrets].

Expedia's responses are obstructionist, dilatory, and, in too many instances, facially false. What "privilege" pertains to the steps Expedia took to confirm the availability of Mr. Weidenhamer's airfare?  How is the identity of the people who helped prepare Expedia's interrogatory responses a "trade secret" or "propriety information"?

There were perhaps valid objections Expedia might have made to some of the discovery requests.  Perhaps Expedia even made some valid objections.  The court can only guess, in part because Expedia's initial responses are not in the record, and in part because any valid objections are buried in the obstructionist muck of Expedia's "General

ORDER – 11

Objections."  It is for the latter reason that the motion before the court contains the following sentence 21 times, once for each request at issue:  "Expedia's incorporation of general objections make [sic] it impossible for Plaintiff to determine if Expedia is withholding responsive documents based on this objection."  Putting aside that Mr. Weidenhamer made the same statement even as to Expedia's responses to his interrogatories (which did not require Expedia to produce documents), the court agrees with him.

Expedia's "General Objections" serve no legitimate purpose.  Rule 34 of the Federal Rules of Civil Procedure dictates a party's responsibility in responding to an RFP; Rule 33 applies to interrogatories.  Neither rule is ambiguous as to a responding party's obligation when objecting.  A party must respond to an RFP by either "stat[ing] that inspection and related activities [(including production of documents)] will be permitted as requested or state an objection to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  Moreover, an "objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(C).  A party must answer an interrogatory "to the extent it is not objected to," Fed. R. Civ. P. 33(b)(3), and "[t]he grounds for objecting . . . must be stated with specificity," Fed. R. Civ. P. 33(b)(4). Expedia's "General Objections" flout those duties.  They are a laundry list of objections devoid of any explanation of how each objection applies to the request to which it is allegedly responsive.  They give a person reading them no basis to determine where its objections end and its responses begin.  They give a person reading them no basis to begin a discussion about whether Expedia has made a reasonable effort to identify responsive information or documents.  Expedia's General Objections, rewritten to avoid tedium, are as follows: "Here is a list of objections, some of which have no apparent application to your request.  As to both our objections that are facially inapplicable and the objections that might actually apply to your request, we refuse to explain how they apply.  Moreover, we refuse to tell you what information (or documents) we have

ORDER – 12

withheld based on these objections." Expedia would have the court believe that this is an appropriate way to respond to discovery requests. Expedia does not persuade the court.

The court rules as follows: Using "General Objections" in the manner that Expedia used them in this case is a per se violation of the Federal Rules of Civil Procedure. It is per se sanctionable. It is bad faith, it is contrary to the principles of civility that the court expects from parties who appear before it, and it is contrary to the spirit of the Federal Rules of Civil Procedure, which are intended to promote discovery, not obstruction. This order will address the parties' disputes over Expedia's responses to Mr. Weidenhamer's initial discovery requests. To the extent there have been responses to subsequent sets of discovery requests in which Expedia used the same approach that it employed in the requests before the court, Expedia has 14 days from the date of this order to withdraw those responses and issue new responses. As to any responses that Expedia revises in accordance with this order and as to any responses that Expedia has yet to issue, the court will sanction Expedia a minimum of $1000 for each day that it relies upon its General Objections (or their substantial equivalent) in the manner the court has described in this order.

The court now moves away from Expedia's initial responses to Mr. Weidenhamer's discovery requests and considers the state of Expedia's responses as of the date Mr. Weidenhamer filed his motion. The parties have had at least some discussion about every request at issue. In many cases, those discussions led Expedia to produce more documents, offer more information, and explain (at least in part) its basis for continued objection. In other words, after initially obstructing discovery, Expedia began to engage in the good faith process that the Federal Rules require. The motion reflects that Mr. Weidenhamer too often abandoned his duty to resolve disputes over discovery requests without court intervention. As to some requests, the record reflects either that he did not satisfy his duty to meet and confer or that he provided inadequate evidence that he satisfied that duty. As to many requests, Mr. Weidenhamer's motion

ORDER – 13

gives the court no basis to understand whether he has any objection (other than his objection to Expedia's General Objections) to the current state of Expedia's response to his requests.

The court rules as follows:

1) Expedia's "General Objections," stated in response to the 21 discovery requests before the court, are void.  Mr. Weidenhamer shall treat the General Objections as if they had not been made, and the court will give them no effect.

2) The court declines to award any other relief as to most of the requests at issue. As to these requests, the court does not conclude that Expedia's responses are adequate.  It merely concludes that Mr. Weidenhamer has not demonstrated any specific inadequacy or given the court a basis, at this time, to conclude that the response is incomplete.  As to these requests, the court rules that the responses Expedia stated in the joint motion (which are in many cases different or more expansive than the responses it provided to the actual discovery requests at issue), are sufficient to convince the court not to order additional responses.  In many instances, the court reaches that conclusion because it is convinced that Mr. Weidenhamer has not meaningfully conferred with Expedia even though Expedia has stated a legitimate objection to the requests.  Expedia must judge for itself, now that its General Objections have been stricken, whether its responses comply with its discovery obligations.   This ruling applies to the following requests: Interrogatories Nos. 2, 3, 4, and 5; RFPs Nos. 5, 6, 10, 11, 12, 14, 15, 16, 17, 18, and 19.

3) As to RFPs Nos. 7, 8, 13, 20, and 21, Expedia shall prepare new responses. Those responses shall state with particularity its objections to the request and reveal, with reasonable specificity, the extent to which Expedia is withholding responsive documents based on those objections.

ORDER – 14

4) As to RFP No. 9, Expedia shall either produce organizational charts identifying the five persons that Mr. Weidenhamer identified in the joint motion or it shall declare that it has no organizational charts as to one or more of those persons.

The court declines to award sanctions at this time in part because no party requested them, and in part because Mr. Weidenhamer's approach to resolving these discovery disputes leaves much to be desired. The parties should expect sanctions if future motions reflect the same approach they took in this motion. The court has already explained that it will award monetary sanctions if Expedia continues to rely on its "General Objections" or anything resembling them.

## C.   Mr. Weidenhamer's Motion to Extend the Class Certification Deadline

The sole basis for Mr. Weidenhamer's request for a 90-day delay in filing his class certification motion is that Expedia's discovery responses were inadequate. The court largely disagrees. Although Expedia's initial responses were inadequate, Mr. Weidenhamer has failed, except in a few instances, to convince the court that they were inadequate by the time he filed his motion to compel. Putting that aside, Mr. Weidenhamer has not explained why Expedia's inadequate responses will limit his ability to move for class certification. Whatever deficiencies remain in Expedia's responses, the court has no basis to conclude that those deficiencies will limit Mr. Weidenhamer as he attempts to certify a class.

## IV.   CONCLUSION

For the reasons stated above, the court DENIES Defendants' motion to dismiss (Dkt. # 11), DENIES Plaintiff's motion to continue the class certification deadline (Dkt. # 19), and GRANTS in part and DENIES in part Plaintiff's motion to compel (Dkt. # 23).

DATED this 23rd day of March, 2015.

*Richard A Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 15